UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-22580-CIV-WILLIAMS

EFRAN MARTELL,

    Plaintiff,

vs.

ARS NATIONAL SERVICES, INC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

**THIS MATTER** is before the Court on Defendant ARS National Services, Inc.'s motion for judgment on the pleadings (DE 15), to which Plaintiff Efran Martell has filed a response in opposition (DE 20), and Defendant a reply. (DE 21). On an order from the Court, the Parties submitted supplemental briefing regarding the Supreme Court's decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). (DE 28, 33, 36). Upon review of the motion, supplemental briefing, and the record, it is **ORDERED AND ADJUDGED** that Defendant's motion for judgment on the pleadings (DE 15) is **GRANTED** and this case is ordered **DISMISSED AND CLOSED.**

I.    **BACKGROUND**

In his Amended Complaint, Plaintiff, as a representative of a putative class, asserts one count for violation of the Fair Debt Collection Practices Act ("FDCPA") against Defendant ARS National Services, Inc. ("ARS"). (DE 7). Plaintiff alleges that on or about June 11, 2014 ARS sent a collection letter to him in an effort to collect on a

consumer debt that Plaintiff owed to Department Stores National Bank. (DE 7 ¶ 8). Plaintiff alleges that the envelope contained a glassine window through which Defendant's name and return address were displayed. (DE 7 ¶ 10; DE 7 at 7). He further alleges that a barcode beneath Defendant's name and address was visible through the glassine window, and that the barcode "reveal[ed] [t]he consumer's account number." (DE 7 ¶ 11). Plaintiff asserts that the barcode's visibility through the envelope's glassine window violated the FDCPA, which prohibits a debt collector like ARS from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or telegram . . . ." 15 U.S.C. § 1692f(8).

Defendant answered the Amended Complaint (DE 8) and then filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which is fully briefed. (DE 15, 20, 21). The Court subsequently ordered that the Parties submit supplemental briefing in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016). The Parties complied. (DE 28, 33, 36). This Order follows.

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998); *see also* Fed. R. Civ. P. 12(c). In ruling on a motion for judgment on the pleadings, the Court applies a standard very similar, if not identical, to that when ruling on a motion to dismiss brought pursuant to Rule 12(b)(6). *Horsley v. Feldt*, 304 F.

3d 1125, 1131 (11th Cir. 2002); *Lloyd v. Baker*, No 13-cv-903-J-34PDB, 2015 WL 5474482, at *2 (M.D. Fla. Sept. 16, 2015). As such, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All factual allegations are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *See Speaker v. U.S. Dep't. of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998). Although a plaintiff need not provide "detailed factual allegations," a plaintiff's complaint must provide "more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

On a Rule 12(c) motion, courts consider the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice regarding the factual background of the case. *Horsley*, 304 F.3d at 1135-36. A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint, so long as the documents are central to the plaintiff's claim and undisputed. *Id.* at 1135.

### III.   WHAT'S IN A BARCODE?

Plaintiff raises his claim under § 1692f(8) of the FDCPA, which bars debt collectors from:

> using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C. § 1692f(8).  Violations of § 1692f are assessed using an objective, "least sophisticated consumer standard." *Le Blanc v. Unifund CCR Partners,* 601 F.3d 1185, (11th Cir. 2010).  According to the Eleventh Circuit, this standard accounts for the fact that consumer-protection laws are made to protect "the public—that vast multitude which includes the ignorant, the unthinking, and the credulous," but "prevents liability for the bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness."  *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) (citations omitted).

Neither party disputes that the only thing the barcode displays (if scanned) is a number that references Plaintiff.  On its face, the language of § 1692f(8) prohibits the inclusion of a barcode visible from the exterior of the envelope, given that the barcode (and the number it contains) constitute some "language or symbol other than the debt collector's address."  However, as many courts have pointed out, literal application of the statute would prohibit using preprinted postage, or even Plaintiff's name and address, on the envelope, "yield[ing] the absurd result that a statute governing the manner in which the mails may be used for debt collection might in fact preclude the use of the mails altogether."  *Gardner v. Credit Management LP*, 140 F. Supp. 3d 317,

4

320 (S.D.N.Y. 2015); *see also Strand v. Diversified Collection Serv., Inc.*, 380 F3d 316, 318 (8th Cir. 2004); *Rodriguez v. I.C. Sys., Inc.*, No. 14-CV-06558-KAM-JO, 2016 WL 5415680, at *3 (E.D.N.Y. Sept. 28, 2016); *Brooks v. Niagara Credit Solutions, Inc.*, No. 15-9245-JWL, 2015 WL 6828142, at *2 (D. Kan. Nov. 6, 2015); *Schmid v. Transworld Sys., Inc.*, No. 15-cv-02212-EEC, 2015 WL 5181922, at *4 (N.D. Ill. Sept. 30, 2015) (collecting cases).

Rather, courts have determined that Congress did not intend § 1692f(8) to be interpreted in such an unyielding, unwieldy, and literal fashion. The Senate Report stated that the Act was "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1 (1977). The Report found that debt collection abuse by third-party debt collectors "takes many forms," including "disclosing a consumer's personal affairs, including friends, neighbors, or an employer," *id.* at 2, and courts have recognized that "[b]oth the legislative history and the [Federal Trade Commission (FTC)] commentary clearly state that § 1692f(8) is intended to prohibit markings on the outside of debt collection envelopes that suggest that the contents of the envelope pertain to debt collection." *Brooks*, 2015 WL 6828142, at *6; *see also Gardner*, 140 F. Supp. 3d at 321. The FTC advised that "[a] debt collector does not violate this section by using an envelope printed with words or notations that does not suggest the purpose of the communication," deeming them "harmless words or symbols." 53 Fed. Reg. 50097, 80108 (Dec. 13, 1988). Thus, courts have recognized a "benign language" exception to § 1692f(8), finding that language or a symbol on an envelope does not violate that Act so long as it does not suggest the purpose of the

communication or the disclosure of the recipient's status as a debtor. *Gardner*, 140 F. Supp. 3d at 321-22; *see also Rodriguez*, 2016 WL 5415680, at *3 (collecting cases); *Brooks*, 2015 WL 6828142, at *6.

The Eleventh Circuit has not yet had the opportunity to address whether there is a "benign language" exception to § 1692f(8). Nonetheless, the Court is persuaded by the host of courts finding that the presence of a barcode and its embedded account number on an envelope do not violate the FDCPA. The only information revealed by the barcode is an account number, and "[n]umerous courts . . . have rejected the contention that the mere presence of a reference number—a string of random digits—creates an actionable violation under the FDCPA."[1] *Rodriguez*, 2016 WL 5415680, at *3 (collecting cases); *see also Gardner*, 140 F. Supp. 3d at 324 ("A string of alphanumeric characters does not disclose anything about [the plaintiff's] private affairs, nor can [the plaintiff] plausibly assert that such characters would tend to mislead a debtor."); *Brooks*, 2015 WL 6828142, at *6 ("While a 'very determined snoop, with the help of extrinsic research' might conceivably be able to determine from the account number that the contents pertain to debt collection, the statute prohibits only those markings that might 'intimate' to those who glimpse the envelope that it pertains to debt collection.") (quoting *Schmid*, 2015 WL 5181922, at *5). The Court agrees that "[a]n

---

[1] While Plaintiff alleges that barcode "reveal[ed] [t]he consumer's account number" (DE 7 ¶ 11), and Defendant avers that the number is the internal tracking number by a third-party mail vendor (DE 8 ¶ 11), the dispute is irrelevant to the Court's finding. Courts have found both account numbers and tracking numbers "simply cannot suggest to an observer that the envelope contains debt collection correspondence." *Brooks v. Niagara Credit Solutions, Inc.*, No. 15-9245-JWL, 2015 WL 6828142, at *2 (D. Kan. Nov. 6, 2015) (account number); *see also Rodriguez v. I.C. Sys., Inc.*, No. 14-CV-06558-KAM-JO, 2016 WL 5415680, at *3 (E.D.N.Y. Sept. 28, 2016) (debt collector's reference number for plaintiff); *Gardner v. Credit Management LP*, 140 F. Supp. 3d 317, 320 (S.D.N.Y. 2015) (same); *Schmid v. Transworld Sys., Inc.*, No. 15-cv-02212-EEC, 2015 WL 5181922, at *4 (N.D. Ill. Sept. 30, 2015) (account number).

6

account number, without more, simply cannot suggest to an observer that the envelope contains debt collection correspondence." *Brooks*, 2015 WL 6828142, at *6. As such, the Court finds that Plaintiff has failed to state a claim for violation of the FDCPA.[2]

In so holding, the Court rejects Plaintiff's argument that the appearance of the account number on the exterior of the envelope violates § 1692f(8).  Plaintiff relies exclusively on *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014), in which the Third Circuit reversed the district court's order finding that the barcode did not indicate that the correspondence related to debt collection. *Id.* at 305-06.  The envelope at issue displayed two items through a glassine window around plaintiff's name and address: (1) her account number and (2) a "quick response code" that, if scanned, revealed the plaintiff's name, account number, and the amount of her debt. *Id.* at 300-01.  In reversing the district court, the Third Circuit declined to address the benign language exception, instead holding that – even assuming the exception existed – the account number itself fell outside its scope because it was a "core piece of information pertaining to [the plaintiff's] status as a debtor and [the defendant's] debt collection effort." *Id.* at 303.  Nevertheless, the Third Circuit concluded that the envelope's display of the account number alone implicated privacy concerns because it was capable of identifying the plaintiff as a debtor, and therefore the barcode's inclusion of the account number violated the Act. *Id.* at 306.

---

[2]   Although the Eleventh Circuit has not yet addressed the "benign language" exception to 15 U.S.C. § 1692f(8), the Court is persuaded that it would adopt the exception, particularly in light of the Supreme Court's decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016).  Because nothing on the envelope intimates Plaintiff's status as a debtor or that the letter itself is debt collection correspondence, Plaintiff has suffered no concrete "injury in fact" that would convey Article III standing for a statutory violation.

This Court is not bound by the Third Circuit's decision, and is not persuaded by it. First, *Douglass* is readily distinguishable from Plaintiff's case because the barcode in *Douglass* revealed the debtor's name, account number, and debt amount. As one court pointed out, *Douglass*:

> purports to have been decided solely on the basis of the debt collector's inclusion of plaintiff's account number . . . [but] the Third Circuit's conclusion about the potential for harm in the account number itself (i.e., without the information contained in the [quick response] code) was simply *ipse dixit*, unsupported by any analysis.

*Perez v. Global Credit & Collection, Corp.*, No. 14-cv-9413-CM, 2015 WL 4557064, at *4 (S.D.N.Y. July 27, 2015). Clearly, the combination of a debtor's name, account number, and debt amount within a barcode is more likely to identify the recipient as a debtor than an account number standing alone.

Second, and as several courts have observed, the Third Circuit's concern with the account number's potential for disclosing that the recipient was a debtor is misplaced. It is illogical for the Act to be concerned with the eventuality that an enterprising third party would obtain, investigate, and decipher an account number's meaning when simply googling the return address would show that the recipient received a debt collection letter. *Gardner*, 140 F. Supp. 3d at 323; *Brooks*, 2015 WL 6828142, at *6. Indeed, "if the Act were concerned with the display of information that *could* if diligently investigated, disclose a recipient's debtor status, it would not permit return addresses—or, arguably, the use of the mails—at all." *Gardner*, 140 F. Supp. 3d at 323; *see also Brooks*, 2015 WL 6828142, at *6. Of course, the Act expressly permits return addresses to be displayed, as well the debt collector's name so long as the name itself does not convey it is a debt collector. *Schmid*, 2015 WL 5181922, at *3-4. As

8

such, the Court declines to follow *Douglass* and finds that an account number embedded in a barcode, as a string of alphanumeric characters, does nothing to implicate or identify Plaintiff as a debtor for purposes of § 1692f(8).

## IV.  CONCLUSION

For these reasons set forth above, Defendant's motion for judgment on the pleadings (DE 15) is **GRANTED**. All pending motions are **DENIED AS MOOT**. All hearings, trial settings, and deadlines are **CANCELED**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 3rd day of November, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE